UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AARON CALLENDER,

                      Plaintiff,                  9:24-CV-0958
                                                        (BKS/PJE)
        v.

ERIC M. TURNER, et al.,

                      Defendants.
_____

APPEARANCES:                                                  OF COUNSEL:

AARON CALLENDER
Plaintiff, pro se
00-A-3874
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

BRENDA K. SANNES
Chief United States District Judge

**ORDER**

       In August 2024, pro se plaintiff Aaron Callender ("plaintiff") commenced this civil rights action with the filing of a complaint. Dkt. No. 1. Plaintiff, who was confined at Green Haven Correctional Facility ("Green Haven C.F.") at the time he filed this action, did not pay the filing fee and sought leave to proceed in forma pauperis ("IFP"). Dkt. No. 12.

       By Decision and Order filed on January 21, 2025 (the "January 2025 Order"), the Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 14. On the basis of that review, the Court dismissed plaintiff's claims, without prejudice, for failure to state a claim. *Id.* Plaintiff was afforded the opportunity to file an amended complaint and was

advised that he must file an amended complaint within thirty (30) days from the date of the filing of the January 2025 Order. *Id.* at 12.

On February 24, 2025, plaintiff filed a letter request seeking an extension of time to file an amended complaint. Dkt. No. 16. On March 21, 2025, the Court granted the request and directed plaintiff to file an amended complaint within sixty days. Dkt. No. 18.

On May 5, 2025, plaintiff filed a letter with the Court. Dkt. No. 19. On June 26, 2025, the Court issued the following Text Order:

> In a Decision and Order issued on January 21, 2025 (the "January 2025 Order"), plaintiff was advised that, if he wished to pursue this matter, he must file an amended complaint within 30 days of the January 2025 Order. Dkt. No. 18. On February 24, 2025, plaintiff filed a request for an extension of time (Dkt. No. 16 ) and on March 10, 2025, plaintiff filed a submission with the Court (Dkt. No. 17 ). In a Decision and Order filed on March 21, 2025 (the "March 2025 Order"), the Court advised plaintiff that the submission (Dkt. No. 17 ) would not be accepted as an amended pleading. Dkt. No. 18 . The Court granted plaintiff's motion for an extension of time to comply with the January 2025 Order. *Id*. In lieu of an amended pleading, on May 5, 2025, plaintiff filed a submission with the Court. Dkt. No. 19. It is unclear what relief, if any, plaintiff seeks in his letter. Further, for the reasons set forth in the March 2025 Order, the Court will not accept the submission as an amended pleading. In light of plaintiff's pro se status, the Court affords plaintiff one FINAL extension to comply with the Court's Orders. If plaintiff wishes to proceed, he must, within 30 days of the within Order, plaintiff shall file an amended pleading that complies with this Court's Orders and Local Rules and the Federal Rules of Civil Procedure.

Dkt. No. 20.

As of the date of this Order, plaintiff has not complied with the Court's Orders, nor has he communicated with the Court in any manner regarding this action since May 2025.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED** due to plaintiff's failure to comply with the Court's Orders and the Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff at his address of record.

**IT IS SO ORDERED.**

Dated: September 9, 2025

Brenda K. Sannes
Chief U.S. District Judge